UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSE ORTIZ BAQUEDANO,

Petitioner,

v.

MATTHEW PUTRA et al.,

Respondents.

Case No. 1:26-cv-2669

Honorable Jane M. Beckering

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

### I. Procedural History

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.19, 20.) In an order entered on September 29, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 4.) Respondents filed their response and a recording of the July 15, 2026, bond hearing on October 2, 2026, (Resp., ECF No. 5; Recording of July 15,

2026, Bond Hearing, filed on Oct. 2, 2026), and Petitioner filed his reply on October 5, 2026. (ECF No. 6.)

## II. Relevant Factual Background

Petitioner is a citizen of Honduras who entered the United States without inspection. (Notice to Appear (NTA), ECF No. 5-1, PageID.55.) On July 4, 2026, Petitioner was arrested by ICE. (2026 Form I-213, ECF No. 5-2, PageID.61.)

On July 15, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Resp., ECF No. 5, PageID.42, 43; Order Immigration Judge, ECF No. 5-7.) During the instructions given in Petitioner's hearing, the immigration judge stated, "It is your burden to prove that you are not a danger to the community and you are not a flight risk and therefore entitled to a bond." (Recording of July 14, 2026, Bond Hearing, ECF No. 5-5, at 1:58–2:07, filed on Oct. 2, 2026.) At the conclusion of the July 15, 2026, hearing, the immigration judge denied Petitioner's request for bond because "[Petitioner] is a flight risk. [Petitioner] has a low likelihood of relief in the United States." (Order Immigration Judge, ECF No. 5-7, PageID.71.)

## III. Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## IV. Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## Conclusion

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated: October 14, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge